Restored.

---

ANN, The HARRIET.

[See The Harriet Ann, Case No. 6,101.]

## Case No. 415.

### The ANNIE.

[Blatchf. Prize Cas. 209.][1]

District Court, S. D. New York.  Sept. 20, 1862.

PRIZE—ATTEMPTED VIOLATION OF BLOCKADE—PROCEEDINGS SUSPENDED.

Condemnation withheld, and proceedings suspended for sixty days, to allow the libellants to produce testimony in support of the libel, there being no testimony from witnesses present at the capture.

In admiralty.

BETTS, District Judge. The facts appearing upon the pleadings and proofs show that this vessel and cargo were captured April 29, 1862, off Mobile, by the United States war steamer Kanawha. The cargo was sent into this port as prize, on board the steamer Baltic, where it was libelled for condemnation July 17 thereafter, and the process of attachment thereon was filed August 5, 1862. The sloop was left at Ship island, and it does not appear that she has been proceeded against further where she was arrested, or that she has since been brought within the territorial jurisdiction of the court.

Pursuant to the act of congress of March 25, 1862, the prize commissioners examined the above cargo in this port, and on the 12th of July reported to the court that it "was perishing, or perishable, or deteriorating in value," and recommended its sale. The court, thereupon, on the same day, on motion of the United States district attorney, made an interlocutory order, directing a sale of the cargo to be made by the marshal, under execution, and the proceeds to be deposited in court.

The alleged cargo of the vessel was thus duly arrested in this suit, and on the return day of the process, no party intervening, the United States attorney moved for the default of the cargo, and that the proofs in preparatorio in court be opened, and that the court proceed to render judgment of condemnation against the property arrested. Under these circumstances, the pleadings and proofs in the case are submitted to the consideration of the court.

There is in the case, as presented to the court, the absence of all proof showing a legal act of capture of the vessel. Such legal arrest cannot be implied from the mere fact of possession or from default in claiming the property on its prosecution before the court in this district. Preliminary to all right of prosecution there must be proof of the actual arrest of the res under color or claim of right; and this must be evidence given by witnesses to the act. Pratt's Prize Pr. 45, 46; 1 Wheat. [14 U. S.] Append. 496.

The case of The Actor, [Case No. 36,] decided in this court in July term last, involves the principle presented in this case. Reasonable excuse was presented for the non-pro-

---

[1][Reported by Samuel Blatchford, Esq.]

duction of witnesses present at the capture, and the court ordered a respite of further proceedings in the cause for a year and a day, to enable the libellants to furnish the required evidence.

The present transaction occurred off Mobile, in April last, and all the evidence before the court indicates that the captured crew were at Ship island when the cargo was transmitted to this district. The active continuance of hostilities at that remote point has probably diverted the attention of the libellants from the posture of this case, particularly as no one has intervened to claim the cargo or vessel.

It is, therefore, ordered by the court, that proceedings in the cause be suspended for sixty days from this day, and that the district attorney take measures to produce testimony in this suit in support of the libel against the vessel, or show cause why it be not dismissed for want of prosecution.

[NOTE. At a subsequent hearing this vessel and cargo were duly condemned. The Annie, Case No. 418.]